# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MIG, INC.,<br><br>                Debtor. | Chapter 11<br><br>Case No. 09-12118 (KG)<br><br>**Objection Deadline: September 15, 2009 at 4:00 p.m.**<br>**Hearing Date: September 22, 2009 at 3:00 p.m.** |

## DEBTOR'S APPLICATION FOR ENTRY OF ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF PROCTOR HEYMAN LLP AS SPECIAL CONFLICTS COUNSEL FOR THE DEBTOR *NUNC PRO TUNC*, EFFECTIVE AS OF AUGUST 6, 2009

MIG, Inc., as debtor and debtor-in-possession ("**MIG**" or the "**Debtor**"), hereby submits this application (the "**Application**") for entry of an order: (a) authorizing the retention and employment of the law firm of Proctor Heyman LLP ("**Proctor Heyman**"), as special conflicts counsel to the Debtor, *nunc pro tunc* effective as of August 6, 2009, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); the facts and circumstances supporting this Application are set forth herein and in the Affidavit of Vernon R. Proctor pursuant to Bankruptcy Rule 2014(a) in Support of the Application of the Debtor for Entry of an Order Authorizing the Retention and Employment of Proctor Heyman as Special Conflicts Counsel for the Debtor *Nunc Pro Tunc* Effective as of August 6, 2009 (the "**Proctor Affidavit**"), which is annexed hereto as **Exhibit A** and incorporated herein by reference; and (b) providing any additional relief required in order to effectuate the foregoing. In support of this Application, the Debtor respectfully represents as follows:

## Status of the Case and Jurisdiction

1. On June 18, 2009 (the "**Petition Date**"), MIG filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. MIG has continued in possession of its properties and is operating and managing its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On June 30, 2009, the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors.

4. No request has been made for the appointment of a trustee or examiner.

5. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. § 1408. This matter is core within the meaning of 28 U.S.C. § 157(b)(2).

6. The statutory predicates for the relief sought herein are sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a), 2016, and 5002.

## Background

7. The Debtor and certain of its affiliates hold interests in several leading and innovative telecommunications providers in the Republic of Georgia ("**Georgia**"), a country in the Commonwealth of Independent States in the Caucus region between Russia, Turkey and Azerbaijan. Over the past two years, the Debtor has defended an appraisal action in the Court of Chancery of the State of Delaware (the "**Chancery Court**") in the matter captioned *In re: Appraisal of Metromedia International Group, Inc.*, Civil Action No. 3351-CC (the "**Appraisal Action**"), brought by a certain group of preferred shareholders (the "**Petitioners**") against the

company. The Appraisal Action has resulted in substantial litigation costs and a debilitating $188 million judgment (the "**Judgment**") entered against MIG on June 5, 2009.

8. The Debtor believes the Judgment is substantially overstated and has appealed the Judgment to the Delaware Supreme Court (the "**Appeal**").

9. After careful consideration, and after exhausting available remedies outside of a chapter 11 filing, MIG determined that it required the protection offered by chapter 11. MIG does not intend to relitigate the Appraisal Action in the Bankruptcy Court, but rather intends to expeditiously pursue the Appeal in state court and use the chapter 11 process to restructure its balance sheet (whether through new investments or a sale of assets) in an orderly fashion and develop a reorganization plan that will satisfy any final judgment rendered in the Appraisal Action and preserve value for its other creditors and interest holders.

10. A more detailed factual background of the Debtor's business and operations, as well as the events precipitating the commencement of this chapter 11 case, is more fully set forth in the *Declaration of Peter Nagle in Support of the Debtor's Chapter 11 Petition and Requests for First Day Relief* (the "**First Day Declaration**"), dated June 19, 2009 and incorporated herein by reference.

## Relief Requested

11. By this Application, the Debtor respectfully requests that this Court enter an order authorizing it to employ and retain Proctor Heyman as its special conflicts counsel in this case effective as of August 6, 2009.

12. The Debtor seeks to retain Proctor Heyman as its special conflicts counsel to represent it regarding matters the Debtor's lead bankruptcy counsel, Greenberg Traurig, LLP ("**Greenberg Traurig**"), will be unable to handle due to a conflict of interest, including issues related to the retention of Rothschild, Inc., as the investment banker and financial advisor to the

3

Official Committee of Unsecured Creditors. Proctor Heyman is a full service law firm with its principal office in Wilmington, Delaware. Because of Proctor Heyman's extensive general experience and knowledge in the field of corporate litigation and commercial disputes, it is well suited for the type of representation required by the Debtor. The Debtor seeks to retain Proctor Heyman at this time so that if a Greenberg Traurig conflict arises, Proctor Heyman will be available immediately to handle the matter.

13. Proctor Heyman will work closely with Greenberg Traurig and the Debtor is confident that the assignment of tasks will be maintained efficiently and with a clear delineation of duties in order to prevent the duplication of work. The Debtor believes that rather than resulting in any extra expense to the Debtor's estate, the efficient coordination of efforts between conflicts counsel and lead counsel will greatly add to the effective administration of this chapter 11 case.

## Proctor Heyman's Disinterestedness

14. As set forth in greater detail in the Proctor Affidavit, Proctor Heyman has completed a conflicts check that compares: (a) the Debtor; (b) the Debtor's affiliates; (c) the Debtor's officers and directors; (d) the petitioners in the Appraisal Action; (e) the non-petitioners who submitted appraisal notices in the Appraisal Action; (f) the Debtor's retained professionals and proposed professionals; and (i) other potential creditors (collectively, the "**Potentially Interested Parties**"), against a list of Proctor Heyman's current and former engagements, clients and client affiliates.

15. To the best of the Debtor's knowledge, based upon the Proctor Affidavit, Proctor Heyman (a) does not hold or represent any interest adverse to the Debtor or its chapter 11 estate, its creditors, or any other party in interest and (b) is a "disinterested person" as that term is

defined in section 101(14) of the Bankruptcy Code. The Debtor is aware that Proctor Heyman may represent, or may have represented, certain creditors of the Debtor's estate or other parties-in-interest in matters unrelated to the Debtor or this case, which are disclosed in the Proctor Affidavit. None of Proctor Heyman's representations of parties-in-interest in this case comprises a material component of Proctor Heyman's practice.

16. Through a firmwide e-mail, Proctor Heyman will also solicit information from its attorneys to determine if any attorneys employed by Proctor Heyman are related to the Bankruptcy Judge presiding over this case, the United States Trustee for Region 3, or any person employed in the Wilmington Office of the United States Trustee. Proctor Heyman will further solicit information from its attorneys to determine if any attorneys employed by Proctor Heyman are equity security holders of the Debtor. In the event that any such information is received, Proctor Heyman will supplement the Proctor Affidavit to the extent necessary.

## Professional Compensation

17. Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person on any reasonable terms and conditions of employment, including on an hourly basis. *See* 11 U.S.C. § 328(a). Proctor Heyman intends to apply for compensation for professional services rendered in connection with this case subject to the approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules and orders of this Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Proctor Heyman. Proctor Heyman has advised the Debtor that the current hourly rates charged by its professionals and paraprofessionals are as follows:

| Billing Category | Range |
|---|---|
| Partners | $450-$550 |

5

| Special Counsel | $450 |
| Associates | $300 |
| Paralegals | $150 |

The Debtor understands that the hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.

18. The hourly rates set forth above are Proctor Heyman's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate Proctor Heyman for its work and to cover fixed and routine overhead expenses. It is Proctor Heyman's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, conference telephone charges, express mail charges, special or hand delivery charges, off-site document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research outside its standard package, copying and mailing charges from outside vendors and transcription costs, as well as non-ordinary overhead expenses such as overtime for secretarial personnel and other staff. Proctor Heyman will charge the Debtor's estate for these expenses in a manner and at rates consistent with charges made generally to Proctor Heyman's clients. Proctor Heyman believes that these expenses should fairly be charged to the clients incurring them rather than to increase the hourly rates and spread the expenses among all clients. In addition, Proctor Heyman intends to seek compensation for all time and expenses associated with its retention in accordance with sections 330 and 331 of the Bankruptcy Code and any orders of this Court, including the preparation of this Application, the Proctor Affidavit, and related documents, as well as any monthly fee statements or interim or final fee applications.

19. Within the one year prior to the Petition Date, Proctor Heyman received no payments from the Debtor.

20. Other than as set forth herein, there is no proposed arrangement to compensate Proctor Heyman. Proctor Heyman has not agreed to share (a) any compensation it may receive with any other party or person, other than with the members, counsel and associates of Proctor Heyman, or (b) any compensation another person or party or may receive.

### Request for Approval of Retention of
### Proctor Heyman, Nunc Pro Tunc Effective as of August 6, 2009

21. The Debtor requests that Proctor Heyman's retention be made effective, *nunc pro tunc*, as of August 6, 2009 in order to allow Proctor Heyman to be compensated for the work it has performed for the Debtor since beginning preparation of this Application, but prior to the Court's consideration of this Application. As of the filing of this Application, no Greenberg Traurig conflicts requiring use of conflicts counsel had arisen. The Debtor submits that under the circumstances, retroactive approval to August 6, 2009 is warranted. *See, e.g., F/S Airlease II, Inc. v. Simon (In re F/S Airlease II, Inc.)*, 844 F.2d 99, 103 (3d Cir. 1988), *cert. denied*, 488 U.S. 852 (1988); *Indian River Homes, Inc. v. Sussex Trust Co.*, 108 B.R. 46, 51 (D. Del. 1989) (approval of Debtors' employment of attorney and real estate agent as of a prior date was not an abuse of discretion).

### Notice

22. Notice of this Application has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) counsel to the Official Committee of Unsecured Creditors; and (c) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. MIG submits that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

23. No previous application for the relief sought herein has been made to this or any other court.

**WHEREFORE,** the Debtor respectfully requests that this Court enter an Order, substantially in the form annexed hereto, (i) granting the relief requested herein and (ii) granting such other and further relief as the Court deems just and proper.

Dated: August 13, 2009            GREENBERG TRAURIG, LLP

/s/ *Sandra G. M. Selzer*
Scott D. Cousins (DE Bar No. 3079)
Sandra G. M. Selzer (DE Bar No. 4283)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 661-7000
Facsimile: (302) 661-7360
Email: cousinss@gtlaw.com
       selzers@gtlaw.com

-and-

Nancy A. Mitchell
Maria J. DiConza
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Email: mitchelln@gtlaw.com
       diconzam@gtlaw.com

Counsel for the Debtor and Debtor-in-Possession