IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MIG, Inc., | ) | Case No. 09-12118 (KG) |
| | ) | |
| Debtor. | ) | **Hearing date: Expedited Hearing Requested** |
| | ) | **Objections due: TBD** |

## EMERGENCY MOTION TO COMPEL PRODUCTION OF DOCUMENTS

The Official Committee of Unsecured Creditors (the "Committee") of MIG, Inc. (f/k/a Metromedia International Group, Inc.), debtor in possession in the above-captioned chapter 11 case ("MIG" or the "Debtor"), by and through its undersigned counsel, hereby submits this Motion to Compel, pursuant to Rule 37(a)(1)(B) of the Federal Rules of Civil Procedure, as made applicable by Rule 7037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 7.1.1, Local Rules of the United States District Court for the District of Delaware, and Rules 7026-1 and 9006-1(b) of the Local Rules of the United States Bankruptcy Court for the District of Delaware(the "Local Rules"), to compel the Debtor respond to requests for the production of documents and to produce documents responsive to those requests.

### I. INTRODUCTION

1. Pursuant to Local Rule 7026-1(b), the Committee has attached copies of the actual discovery documents that are the subject of this Motion. (*See* Exhibit A, the Debtor's Responses and Objections to the Committee's Requests for Production). Pursuant to Bankruptcy Rule 7026 and Local Rule 7026-1(c), counsel for the Committee met and conferred with Debtor's counsel prior to the filing of this Motion, and engaged in discussions attempting to resolve the Committee's concerns. With regard to the Debtor's failure to produce documents, the Committee raised the issue with the Debtor, asking that the Debtor confer to address those

issues prior to the filing of this Motion. The Debtor has yet to do so. (*See* Nov. 30, 2009 email from K. Finger, attached hereto as Ex. A).

## II. INTRODUCTION

2. On July 31, 2009, the Committee served the Debtor with its Requests for Production of Documents ("Requests") as part of discovery related to the Committee's Motion for Order Pursuant to Sections 105(a), 1104(a), 1121(c)(1) and (d)(1) and 1112(b), Appointing a Chapter 11 Trustee and Terminating the Debtor's Exclusivity to File a Plan or, In the Alternative, Dismissing a Chapter 11 Case for Cause (the "Committee Motion").[1] The Debtor provided written responses to those Requests on September 23, 2009. From that date to the present, the Debtor has continued to supplement its document production pursuant to applicable Rules.

3. Notwithstanding the Debtor's efforts to respond to the Committee's Requests, there are four categories of Requests to which the Debtor has not responded or is deficient in responding, as follows: (1) documents related to board meetings at ITCL, the entity that controls the Debtor's primary asset Magticom, and of which Debtor is a 46% owner; (2) documents relate to meetings of the equity owners that have an indirect ownership interest in ITCL, such as CaucusCom Ventures, Yola S.a.r.l. and Gtel L.P. (*see* SAL 0150, attached hereto as Exhibit B); (3) email correspondence that has been produced without any dates; and (4) any documents from January 14, 2009 to the present.

### A. Documents Related to Meetings of the Board of Directors of ITCL.

4. The Committee propounded the following Requests on the Debtor seeking documents that relate to meetings of the ITCL Board of Directors:

---

[1] All capitalized terms shall have the same meaning as set forth in the Committee Motion, unless otherwise defined herein.

2

> **Request No. 7:** All documents and/or communications that refer or relate to meetings of the partners, joint venturers, boards of directors or equity owners that have a direct or indirect ownership interest in Magticom, including, but not limited to minutes, presentations, notes, agendas and board resolutions.
>
> **Request No. 8:** Any and all documents and/or communications that refer or relate to meetings of the board of directors of: (a) MIG; (b) MITI; (c) MGH; (d) ITC; (e) ITCL; (f) Telcell Wireless, LLC; and (g) Magticom, including, but not limited to, documents and/or communications from any committee, group or person reporting to the entity's board of directors.

(*See* The Debtor's Responses to the Committee's Requests at p. 5, attached hereto as <u>Exhibit C</u>). The Debtor responded that it would produce documents responsive to both Requests. To date, the Committee has only received two, one-page board *resolutions* from ITCL and not a single document that relates to minutes or documentation of any ITCL board meeting.

5. By virtue of its 46% ownership interest in ITCL and the fact that two active and two alternate MIG Directors sit on the ITCL Board, these documents are easily accessible to MIG and should have been provided to the Committee long ago. (*See* MIG 12041-42, attached as <u>Exhibit D</u>). In particular, the ITCL Board makes decisions regarding the management, future plans and capital expenditures for MIG's primary asset, Magticom. More importantly, section 2.7 of the New ITCL LLC Agreement states that ITCL shall cause Magticom to pay on a calendar quarterly basis an annual dividend of not less than $40 million in the aggregate. Yet, since the filing of this chapter 11 case, no quarterly dividend has been paid from Magticom to MIG, in apparent violation of the New ITCL LLC Agreement that should be the subject matter of board meetings at the ITCL level. Further, they are undeniably relevant to the issues raised in the Committee Motion with respect to bad faith conduct in filing the chapter 11 case and related actions to frustrate creditors' rights.

### B. Documents that Relate to Meetings of the Equity Owners of ITCL.

6. The Committee propounded the following Request on the Debtor seeking documents related to meetings of the partners, joint venturers, boards of directors or equity owners that have a direct or indirect ownership interest in ITCL:

> **Request No. 6:** All documents and/or communications that refer or relate to meetings of the partners, joint venturers, boards of directors or equity owners that have a direct or indirect ownership interest in ITCL, including, but not limited to minutes, presentations, notes, agendas and board resolutions.
>
> **Request No. 12:** All documents and/or communications between Debtor and/or any Affiliate, on the one hand, and Salford, Sun Capital and/or CaucusCom or any agents or Affiliates of those entities, on the other, that refer or relate to Debtor's interest in Magticom and/or ITCL.

(Ex. B at pp. 5-6). Although the Debtor responded that it has produced such documents, counsel for the Committee has not received any document that relates or refers to *meetings of the equity owners of ITCL regarding their respective interests in ITCL and/or Magticom*. This information is critical to the Motion for the reason that those equity owners have a potentially significant impact on MIG's primary asset, Magticom, by virtue of the *ITC Cellular Change of Control* provision in the Purchase & Sale Agreement between ITC Cellular and Dr. George Jokhtaberidze.[2] Moreover, Debtor admits, and it has been established through discovery, that the Directors of MIG are principals or have substantial control over, the equity owners of MIG and ITCL. Any argument that obtaining such documents from those entities is difficult is disingenuous.

---

[2] The Committee has not attached the Purchase & Sale Agreement to avoid having to attach voluminous documents that have already been provided to the Court, under the assumption that the Court is familiar with the provision, which can be found at pages 4 through 5 of the Agreement. Copies of the Agreement will be made available at the hearing on this Motion.

### C. Undated Email Correspondence.

7. The Debtor has produced numerous email correspondence in which the date field is missing. (MIG 07544-98, MIG 09714-15) In response to the Committee's request that the Debtor re-produce those documents with the date fields included, Debtor's counsel responded that the documents were produced in that form to it, and counsel could not produce those emails with the date field for that reason. (*See* Sept. 25, 2009 Ltr. to K. Finger and Sept. 29, 2009 Ltr. from B. Brennan, attached as <u>Exhibit E</u>). This fact does not discharge the Debtor's counsel from its duty to obtain those emails with the date field intact as it surely exists and is surely under the control of Messrs. Nagle and Spencer-Churchill in their respective capacities as principals of Salford and Sun Capital as well as Director-Employees of the Debtor.

8. The Committee's inability to determine the dates on which that email correspondence was sent is prejudicial to the Committee's ability to cross-examine the Debtor on those documents. *See, e.g.,* MIG 07548 attached as <u>Exhibit F</u> hereto ████████████ ████████████████████████████████████████████████████ ███████████████████████████████ With respect to MIG 07548, the Committee requests that the Debtor be required to produce all electronic files, including metadata, related to that email which in the view of the Committee evidences the prepetition fraud and inequitable conduct engaged in by the same Sun/Salford Directors that continue to manage the assets and affairs of the Debtor.

### D. Documents Dated *After* January 14, 2009.

9. The Committee's Requests specifically contemplate the production of documents from *January 1, 2007* to the present. Despite this defined Discovery Period, *to which the Debtor did not object*, the Debtor *has not produced any correspondence, internal or otherwise, after January 14, 2009*, the date on which the Purchase & Sale Agreement modifying the Debtor's

interests in Magticom, is dated. This omission is of particular concern to the Committee, as such correspondence is clearly responsive to its Requests and relevant to the issues raised by the Motion to Dismiss. Because no objection was filed and the Debtor indicated it would produce documents on a rolling basis, it did not become clear until recently that the Debtor has no intention of complying with the Committee's discovery requests. In particular, the Debtor has not produced any internal correspondence or correspondence between it and Dr. Jokhtaberidze after January 14, 2009, nor has it produced any documents between it and its equity owners after that date. (*See* Ex. B at Req. Nos. 1, 6-8, and 12). Not only are those documents relevant to the Committee Motion, but would provide non-privileged facts related to the management of Magticom and, potentially, the Debtor's decision to seek protection pursuant to chapter 11.

### III. CONCLUSION

WHEREFORE, for the foregoing reasons, the Committee respectfully requests that this Court order the Debtor to supplement its responses to the Committee's Requests on or before December 12, 2009, and grant such other and further relief as is just and proper.

December 2, 2009
Wilmington, Delaware

BIFFERATO LLC

*/s/ Ian Connor Bifferato*

Ian Connor Bifferato (#3273)
Thomas F. Driscoll III (#4703)
800 North King Street
Wilmington, DE 19801
Telephone: (302) 225-7600

-and-

Carmen H. Lonstein, Esq.
Shima Roy, Esq.
BAKER & McKENZIE LLP
One Prudential Plaza, Suite 3500
130 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-8000

*Counsel for the Official Committee of
Unsecured Creditors of MIG, Inc.*