# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MIG, Inc., | ) | Case No. 09-12118 (KG) |
| | ) | |
| Debtor. | ) | |
| | ) | Re: D.I. _____ |

## ORDER GRANTING THE EMERGENCY MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO COMPEL PRODUCTION OF DOCUMENTS

Upon the Emergency Motion to Compel Production of Documents (the "Motion")[1] of the Official Committee of Unsecured Creditors (the "Committee") pursuant to Rule 37(a)(1)(B) of the Federal Rules of Civil Procedure, as made applicable by Rule 7037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 7.1.1, Local Rules of the United States District Court for the District of Delaware, and Rules 7026-1 and 9006-1(b) of the Local Rules of the United States Bankruptcy Court for the District of Delaware(the "Local Rules"), to compel the Debtor respond to requests for the production of documents and to produce documents responsive to those requests and granting them such other and further relief as the Court deems just and necessary; and adequate notice of the Motion having been given; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interest of the Debtor, its estate and its creditors and other parties-in-interest; and upon the record in these proceedings; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED.

---

[1] Capitalized terms not otherwise defined herein shall the meanings ascribed to them in the Motion.

2. The Debtor shall supplement its responses to the Committee's Requests and provide the documents and information requested as set forth in the Motion on or before December 12, 2009.

3. The Debtor shall supplement its responses to the Committee's Requests and provide documents that relate to meetings of the ITCL Board of Directors, including, but not limited to, any and all documents and/or communications that refer or relate to meetings of the board of directors of ITCL and documents and/or communications from any committee, group or person reporting to the entity's board of directors on or before December 12, 2009.

4. The Debtor shall supplement its responses to the Committee's Requests and provide documents that relate to related to meetings of the partners, joint venturers, boards of directors or equity owners that have a direct or indirect ownership interest in ITCL, including, but not limited to, all documents and/or communications that refer or relate to meetings of the partners, joint venturers, boards of directors or equity owners that have a direct or indirect ownership interest in ITCL, including, but not limited to minutes, presentations, notes, agendas and board resolutions and all documents and/or communications between Debtor and/or any Affiliate, on the one hand, and Salford, Sun Capital and/or CaucusCom or any agents or Affiliates of those entities, on the other, that refer or relate to Debtor's interest in Magticom and/or ITCL on or before December 12, 2009.

5. The Debtor shall supplement its responses to the Committee's Requests and provide electronic data and dates for those documents Bates No. MIG 07544-98 and MIG 09714-15 on or before December 12, 2009.

6. The Debtor shall supplement its responses to the Committee's Requests and provide documents and information that relate to correspondence after January 14, 2009,

2

including, but not limited to internal correspondence, any documents and/or communication between the Debtor and Dr. Jokhtaberidze, and any documents and/or communication between the Debtor and its equity owners after that date

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.


Dated: December ____, 2009
       Wilmington, Delaware

                                              The Honorable Kevin Gross
                                              United States Bankruptcy Judge