# EXHIBIT "A"

# Chehi Declaration

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> MIG, INC., <br><br>               Debtor. | Chapter 11 <br><br> Case No. 09-12118 (KG) |

**DECLARATION OF MARK S. CHEHI IN SUPPORT
OF THE APPLICATION OF MIG, LLC TO EMPLOY AND RETAIN
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AS SPECIAL COUNSEL
EFFECTIVE AS OF DECEMBER 1, 2010 PURSUANT TO
<u>SECTIONS 327(e) AND 328(a) OF THE BANKRUPTCY CODE</u>**

Mark S. Chehi, under penalty of perjury, hereby declares as follows:

1. I am a partner of the law firm of Skadden, Arps, Slate, Meagher & Flom LLP ("**Skadden, Arps**"), which maintains offices at One Rodney Square, P.O. Box 636, Wilmington, Delaware 19899, and a member of the firm's corporate restructuring practice group. I am admitted to practice before State and Federal courts of Delaware.

2. I submit this declaration (the "**Declaration**") in connection with the application (the "**Application**"),[4] filed concurrently herewith, of MIG, LLC (the "**Reorganized Debtor**") for entry of an order pursuant to sections 327(e) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") authorizing the retention and employment of Skadden, Arps, as special counsel in the above-captioned chapter 11 case at the firm's normal hourly rates in effect from time to time and in accordance with the firm's normal reimbursement policies, effective as of December 1, 2010.

---

[4] Capitalized terms used herein but not otherwise defined shall have those meanings set forth in the Application.

3. The facts set forth below are based either upon my personal knowledge, discussions with other partners, counsel and associates of Skadden, Arps, and client/matter records of Skadden, Arps reviewed by myself or by associates of Skadden, Arps acting under my supervision and direction.

4. Skadden, Arps' client base includes many large and small public and private corporations, insurance companies, investment banking firms, partnerships, non-profit organizations, estates, trusts and individuals. Skadden, Arps has expertise in most fields of law, including in particular complex litigation, corporate law and other complex transactional matters.

**Reorganized Debtor's Retention of Skadden, Arps**

5. The Reorganized Debtor has filed the Application to retain Skadden, Arps (subject to this Court's approval) as special counsel. The professional services that Skadden, Arps has and will render to the Reorganized Debtor include, but are not limited to:

    a. providing legal advice in connection with the prosecution and imprisonment of Abashidze and Gigineishvili and related matters;

    b. negotiating, drafting, and pursuing documentation necessary as determined in conjunction with the above; and

    c. providing information or advice to the directors, officers or employees in their corporate capacities in conjunction with the above.

6. Skadden, Arps was chosen because it had the resources and extensive experience necessary to represent the Reorganized Debtor in connection with representation of individuals and entities in Georgia. Moreover, Skadden, Arps had a track record of providing effective and efficient legal services related to the matters for which it was being retained.

## Skadden, Arps' Conflicts Check Procedures

7. Skadden, Arps' conflicts check system is designed to include every matter on which the firm is or at one time was retained and, in each instance, to include the identity of related and adverse parties. Skadden, Arps regularly updates this system.

8. In preparing this Declaration, I caused to be submitted for review by our conflicts check system a list of names of possible parties in interest in this case as set forth in **Exhibit A** attached hereto (the "**Parties in Interest**").

9. The results of this review were compiled by Skadden, Arps' legal assistants and attorneys and analyzed by Skadden, Arps attorneys acting under my supervision. While these searches generally date back to Skadden, Arps' inception, for several large institutions, the search was limited to representations or charges recorded within the past five years. Where appropriate, general and specific inquiries were made of Skadden, Arps personnel to insure that any previous representation did not engender conflict with Skadden, Arps' retention as special counsel to the Reorganized Debtor.

10. **Exhibit B** attached hereto lists the Parties in Interest for whom Skadden, Arps currently acts as counsel, or for whose possible affiliates Skadden, Arps currently acts as counsel, as well as Parties in Interest or possible affiliates of Parties in Interest whom Skadden, Arps has represented, in matters unrelated to the Reorganized Debtor or this case. Exhibit B has been compiled with the assistance of associates at Skadden, Arps who have reviewed conflict records, and, to the best of my knowledge, the exhibit is accurate and complete.

## Skadden, Arps' Connections with Parties in Interest in this Chapter 11 Case

11. To the best of my knowledge, based on the review procedures described above, Skadden, Arps does not have any "connection" to the parties in interest in this Chapter 11 case except as described in this Declaration.

12. Skadden, Arps, through attorneys of the firm, represented and/or advised CaucusCom Ventures L.P. ("CaucusCom"), the non-debtor owner of 100% of the common stock of the Debtor, since on or about November 4, 2010, in connection with certain criminal law matters arising in the Republic of Georgia ("Georgia"). Initially, Skadden, Arps agreed to represent CaucusCom as the non-debtor parent of the Debtor, but as of December 1, 2010, agreed to represent and advise the Debtor in connection with the same criminal law matters arising in Georgia.

13. The Debtor requested, and Skadden, Arps agreed, to provide legal advice to the Debtor related to Georgia criminal law matters and, to the extent required, continuing advice in connection with such matters. Such advice related to the same Georgia criminal law matters as to which Skadden, Arps provided advice to CaucusCom, the non-debtor parent of the Debtor. Such advice that has been and may be in the future rendered concerns employees, officers and agents of subsidiaries of the Debtor in Georgia.

14. Apart from its representation of CaucusCom, although unascertainable at this time after due inquiry, given the size of the potential universe of the Debtor's creditors and Skadden, Arps' current and former clients, Skadden, Arps may have in the past represented, currently represent, and may in the future represent entities that are claimants of the Debtor in matters entirely unrelated to the Debtor and its estate. Skadden, Arps does not and will not represent any

such entity in connection with this pending Chapter 11 case and does not have any relationship with any such entity, attorneys, or accountants that would be adverse to the Debtor or its estate.

15. Furthermore, as indicated in Exhibit B, Skadden, Arps currently represents other entities and individuals listed as Parties in Interest in this matter, along with other entities or individuals that may have business relationships with the Reorganized Debtor, in connection with matters that are unrelated to the Reorganized Debtor or this proceeding. To the best of my knowledge, Skadden, Arps has not represented, and will not represent, these entities or individuals, or any other parties in interest in the Chapter 11 case in connection with matters that would be adverse to the interest of the Reorganized Debtor, MIG, Inc. or MIG, Inc.'s estate with respect to the matters on which Skadden, Arps is proposed to be employed, as required by section 327(e) of the Bankruptcy Code.

16. I have caused to be circulated among all Skadden, Arps attorneys, via electronic mail, an inquiry as to whether any Skadden, Arps attorney currently holds any equity or public debt securities of the Reorganized Debtor or its affiliates. Based on the response to this inquiry, I do not believe that any Skadden, Arps attorney currently holds any equity or public debt securities of the Reorganized Debtor or its affiliates.

17. I am not related to, and to the best of my knowledge, no other attorney at Skadden, Arps is related to, any United States Bankruptcy Judge for the District of Delaware, or the United States Trustee for the District of Delaware, or any employee in the Office of the United States Trustee for the District of Delaware.

18. To the best of my knowledge, information and belief, Skadden, Arps does not represent or hold any interest adverse to the Reorganized Debtor, MIG, Inc. or MIG, Inc.'s estate with respect to the matters on which Skadden, Arps is proposed to be retained.

19. As discussed herein, except that prior to December 1, 2010, Skadden, Arps initially agreed to and did provide advice to the Debtor's non-debtor parent, CaucusCom, in connection with the same Georgia criminal law matters as to which Skadden, Arps has provided advice to the Debtor, to the best of my knowledge, formed after due inquiry, neither I, Skadden, Arps, nor any employee thereof has any connection with the Debtor or currently represents any of its creditors, other parties-in-interest, or any person employed by the Office of the United States Trustee with respect to the matters upon which it has been or will be engaged, and Skadden, Arps does not, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, hold or represent any interest adverse to the Debtor, its estate, or any class of creditors or equity interest holders.

20. Accordingly, I submit that Skadden, Arps satisfies the requirements for employment as special counsel pursuant to section 327(e) of the Bankruptcy Code.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on February 2, 2011.

_____
Mark S. Chehi

**EXHIBIT A**

**Debtor**
MIG, Inc.

**Reorganized Debtor**
MIG, LLC

**Prior Debtor Names**
Metromedia International Group, Inc.

**Debtor Affiliates**
Tag Holdings, Inc.
MIG China Corp.
MIG International Telecommunications, Inc.
MIG Georgia Holdings, Inc.
International Telcell SPS, Inc.
Ayety TV
IT Georgia Holdings, LLC
International Telcell, LLC
Telcom Georgia
Telcom Georgia Group, Ltd.
Telenet
ITC Cellular LLC
International Telcell Cellular LLC
Telcell Wireless LLC
Magticom
MIG Georgia Services, LLC
MIG Georgia Services Representation Office

**Officers and Directors**
Natasha Alexeeva
Alan McIntosh
Peter Nagle
Edward Spencer Churchill
Irakli Rukhadze
Jamal Khan
George Jokhtaberidze

**Petitioners**
Zazove Associates, LLC
Private Management Group Inc.
Gracie Capital
Black Horse Capital LP

Black Horse
Capital QP LP
Black Horse Capital Offshore Ltd.
Cohanzick Management LLC
Lanphier Capital Management Inc.
Milestone Vimba Fund LP
Ingalls & Synder LLC
MSF 93 LP
Hedgehog Capital LLC

Gracie Capital LP, II
Grace Credit Opportunities Master Fund, LP
Grace Capital International Ltd.
Grace Capital International II, Ltd.
GPC XLII, LLC
Patrick Conlin
Farallon Capital Partners, L.P.
Farallon Capital Institutional Partners, L.P.
Farallon Capital Institutional Partners II, L.P.
Farallon Capital Institutional Partners III, L.P.
Tinicum Partners, L.P.
Farallon Capital Offshore Investors II, L.P.
Noonday Capital Partners, L.L.C.
Farallon Capital Offshore Investors, Inc.
Noonday Offshore, Inc.

**Non-Petitioners Who Submitted Appraisal Notices**
Maxim Group (Anthony G. Polak, on behalf of multiple clients)
Delaware Charter G&T Company Trust, FBO David Gale IRA
NFS/FMTC IRA, FBO Donald C. Stracke
Richard D. Squires
FMTC TTEE Healthcare Partners FBO Danielle A. Summers
Ryan Vardeman, Palogic Fund
Charles Schwab and Company (representing 3 holders)
Kathryn T. Kaminsky
Robin S. Clark
Susan M. Green and Keith Green
Jerry Napolitan (SAR/SEP IRA)
Bin Shi
John T. Wells III & Margaret S. Well
Delta Dividend Group, Inc.
Stuart Subotnick
John Kluge
Foong Leon
Palm Beach Trding
PTR Fund

APG Capital LP
B. Riley & Co.
Michael C. Munck
Kenneth W. Johnson
Nanci Munck
Marc H. Cherry
Spector & Bennett Profit Sharing Plan
Gospel for Asia
Alan E. Weiner
RAM T LP
Steven W. Schultz
Suzanne and Timothy Fink
Mark Sorensen
Craig Takiguchi

**Other Potential Creditors**

*AP Creditors*
ACE - INA
Ace American Insurance Company
All American Relocation, Inc.
Ann H. Wallace
Aon Risk Services South, Inc.
AT&T Teleconference Services
Authentication Office (NC Sec. of State)
BDO Seidman, LLP
Broadridge
Bryce Dean Elledge
Cambridge Integrated Services Group, Inc.
CaucusCom Ventures
Charles Scott
City of Charlotte
Compass Lexecon
Crawford & Company
CSC
Delaware Secretary of State
Depository Trust Company
Dept. of Consumer & Business Services
DHL Express (USA), Inc.
Dooley Culbertson
Edward Spencer-Churchill
Ernst & Young
Ernst & Young Audit, LLC
Ernst & Young LLP, United States
ESIS, Inc.
Evidence Exchange

FedEx
Finnerty Economic Consulting LLC
Fund for Reopened Cases
Georgia Department of Revenue
Georgia Self Insurers Guaranty Trust Fund
Graydon Bellingan
Hay Group, Inc.
Herbert L. Jamison & Co.
Irakli Rukhadze
Iron Mountain
Iron Mountain(2)
J.B. Fuqua/D.C. Fuqua
Jamal Kahn
James Bahin
John Bartels
John Egan
JPMorgan Chase Bank, N.A.
KPMG Armenia
KPMG LLP
Lawrence Klamon
Mark Hauf
McBee Systems, Inc.
Mecklenburg County Tax Collector
Mellon Investor Services, LLC
Natasha Alexeeva Stambuck
NC Board of Law Examiners
NC Department of Revenue
Network Synergy
Office Suites PLUS
Oline Price
Paul Kiel
Paychex Advantage Payroll
Peter Nagle
Postmaster - United States Postal Service
Potter Anderson & Corroon LLP
Robinson & Cole, LLP
Ryan Lee
Special Disability Fund
Special Funds Conservation Committee
Sun Capital Partners Ltd
T-Mobile
Thomson Financial LLC
Walker & Associates CPA
Walter Grant
Wayne Henderson
WCB Assessment Collections

William Alan McIntosh
William D. Dodge

*Workers Compensation Claimants*
Gray, Betty
Nash, Jeanette
Berquist, David
Delphia, Fred
Hills, Frances
Tims, Betty
Crawford, Tammy
Trombley, Fred
Edwards,Barbara
Moody, Lorraine
Tyson, Joe
Granville, Edward
Goodman, Ida
Vargo, Steve

*SERP/Pension Recipients*
James Bahin
John Bartels
Dooley Culbertson
Walter Grant
Paul Kiel
Lawrence Klamon
John Phillips
Charles Scott
John Egan

**EXHIBIT B**

**Petitioners**
Farallon Capital Institutional Partners II, L.P.
Farallon Capital Institutional Partners III, L.P.
Farallon Capital Institutional Partners, L.P.
Farallon Capital Offshore Investors II, L.P.
Farallon Capital Offshore Investors, Inc.
Farallon Capital Partners, L.P.
Hedgehog Capital LLC
Tinicum Partners, L.P.
Zazove Associates, LLC

**Other Potential Creditors**
Ace American Insurance Company
Aon Risk Services South, Inc.
AT&T Teleconference Services
BDO Seidman, LLP
CaucusCom Ventures
Compass Lexecon
Crawford & Company
CSC
Delaware Secretary of State
Ernst & Young
Ernst & Young Audit, LLC
Ernst & Young LLP, United States
FedEx
Georgia Department of Revenue
Iron Mountain
JPMorgan Chase Bank, N.A.
KPMG Armenia
KPMG LLP
McBee Systems, Inc.
Mellon Investor Services, LLC
Postmaster - United States Postal Service
Sun Capital Partners Ltd
T-Mobile
Thomson Financial LLC